**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                          Case No. 4:13-cm-00088 KGB

KIMBERLY HARDIN                                                 DEFENDANT

<u>**ORDER**</u>

On June 24, 2013, defendant Kimberly Hardin filed this notice of appeal to district court of magistrate order, judgment, and sentence (Dkt. No. 1). On July 23, 2013, the Court entered an Order requesting briefing from the parties (Dkt. No. 4). Ms. Hardin filed her opening brief (Dkt. No. 5), and the government filed its response (Dkt. No. 6). The Court finds that the matters raised have been fully briefed, and these matters are ripe for review. For the following reasons, the Court affirms the decision to revoke Ms. Hardin's probation and affirms her sentence in this matter.

      **I.**       **Factual Background**

On April 15, 2013, Ms. Hardin pleaded guilty to a misdemeanor. United States Magistrate Judge Beth Deere sentenced Ms. Hardin to three years of probation. On April 30, 2013, Ms. Hardin was arrested for shoplifting. Ms. Hardin was charged with shop lifting in Bryant, Arkansas, District Court. Ms. Hardin failed to notify her federal probation officer of her contact with law enforcement within the 72-hour window afforded to those on probation. Ms. Hardin acknowledged the incident in a telephone call with her federal probation officer on May 6, 2013.

After Ms. Hardin's arrest the government moved to revoke her probation (4:13-cr-00113, Dkt. No. 8). The court set the revocation hearing for June 6, 2013 (4:13-cr-00113, Dkt. No. 9).

Ms. Hardin moved to continue the revocation hearing (4:13-cr-00113, Dkt. No. 10). In that motion, Ms. Hardin requested that the hearing be continued to preserve her Fifth Amendment right against self-incrimination until a resolution of her pending charge in Bryant District Court. Ms. Hardin argued that, if she had the revocation hearing before her trial in Bryant District Court, she either would be forced to do nothing regarding her defense or potentially to incriminate herself in an effort to defend against the allegations. The government opposed that motion (4:13-cr-00113, Dkt. No. 11). The court denied the motion to continue stating in part: "[i]n this situation, however, [Ms. Hardin] maintains the right to testify or not to testify in both the state and federal pending matters. And if she chooses to testify at both hearings, it is difficult to conjure a reasonable trial strategy that would involve inconsistent testimony." (4:13-cr-00113, Dkt. No. 12). The revocation hearing was held on June 6, 2013. At that hearing, the government presented testimony from a loss prevention manager and a Bryant Police Officer who responded to the call about Ms. Hardin's alleged shoplifting, among others. Ms. Hardin's federal probation officer testified. In addition, Ms. Hardin took the stand. She testified that she stole nothing, resisted when instructed to give back the jewelry because she claims it was hers, and never apologized for any wrong doing. Ms. Hardin conceded that she failed to report timely her arrest to her federal probation officer, but she attributed her conduct to her nervous emotional state, not to a desire to hide the truth.

At the close of the hearing, the court found that the government proved by a preponderance of the evidence Ms. Hardin shoplifted, lied about it under oath, and failed to report timely the incident to her federal probation officer. The court then revoked Ms. Hardin's probation and sentenced her to four months of imprisonment and one year of supervised release (4:13-cr-00113, Dkt. No. 13). Judgment was entered accordingly (4:13-cr-00113, Dkt. No. 14).

On June 24, 2013, Ms. Hardin filed this notice of appeal to district court of magistrate order, judgment, and sentence (Dkt. No. 1).

On appeal, Ms. Hardin argues that the court should have granted her motion to continue the revocation hearing. She further argues the court imposed a substantively unreasonable sentence by according significant weight to an improper fact -- Ms. Hardin's failure to admit wrongdoing and thereby incriminate herself in ongoing state-court proceedings.

**II.    Standard**

In this appeal, Ms. Hardin "is not entitled to a trial *de novo* by a district judge." Fed.R.Crim.P. 58(g)(2)(D). "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.* Accordingly, the Court must evaluate Ms. Hardin's "sentence for procedural and substantive reasonableness under an abuse of discretion standard." *See, e.g., United States v. Livesay*, 587 F.3d 1274, 1278 (11th Cir. 2009) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Ms. Hardin has the burden to show that her sentence "is unreasonable in light of the record and the [statutory] factors." *See, e.g. United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The Court must first determine whether there was any significant procedural error below when reviewing the sentence imposed. *Gall*, 552 U.S. at 51. Examples of significant procedural error include: "failing to calculate (or improperly calculating) the [Federal Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." *Id.* If the sentencing decision is procedurally sound, then the Court must "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,"

taking "into account the totality of the circumstances." *Id.* "If the sentence is within the Guidelines range, the [C]ourt may, but is not required to, apply a presumption of reasonableness." *Id.*

**III.	Analysis**

As an initial matter, Ms. Hardin argues that, when the court denied her motion for continuance of the revocation hearing, a situation was created wherein Ms. Hardin could not admit wrongdoing without incriminating herself in the ongoing state-court proceedings. Ms. Hardin contends the court made it impossible for Ms. Hardin to make an admission without incriminating herself in other proceedings. Next, Ms. Hardin argues that her failure to admit unlawful conduct should not have been held against her at sentencing. Lastly, Ms. Hardin argues that the court afforded significant weight to this improper factor, resulting in a substantively unreasonable sentence.

The government argues that Ms. Hardin was not penalized for refusing to answer certain questions under the Fifth Amendment to the United States Constitution or declining to take the stand altogether but, instead, was sentenced appropriately because she took the stand and proceeded to lie under oath. The government relies in part on statements made at the conclusion of the testimony by the court, where the court stated several times: "The bottom line is I don't believe you today, Ms. Hardin," and "I don't think she told the truth today." (Revo. Tr. at 84, 86). The government maintains the court increased Ms. Hardin's sentence on that very basis, stating: "if she had come in and admitted it. . . I might have-might have been inclined to give her another chance" (Revo. Tr. at 84).

The court found that Ms. Hardin violated her terms of probation in two respects when determining to revoke probation and impose sentence, basing this on the offense itself and Ms.

Hardin's failure to disclose it timely to her federal probation officer. The court found that each of these actions or the failure to act supported revocation in its own right.

As an initial matter, this Court finds no support for Ms. Hardin's claim that the court was required to continue the revocation hearing pending resolution of the charges in Bryant District Court. *See United States v. Jones*, 299 F.3d 103 (2nd Cir. 2002) (rejecting defendant's argument that he was denied his Fifth Amendment protection against compelled self-incrimination by having to testify at his revocation hearing before adjudication of state charges pending against him and refusing his request to announce a bright line rule that federal courts should delay revocation proceedings until after the disposition of state charges that form the basis of revocation requests). *See also Ryan v. Montana*, 580 F.2d 988 (9th Cir. 1978); *Flint v. Mullen*, 499 F.2d 100 (1st Cir. 1974); *U.S. v. Brugger*, 549 F.2d 2 (7th Cir. 1977); *Kartman v. Parratt*, 535 F.2d 450, 458 n.7 (8th Cir. 1976); *Melson v. Sard*, 402 F.2d 654 (D.C. Cir. 1968). That is not to say that, under appropriate circumstances, a court may be well-advised to grant such a continuance. *See, e.g.*, *United States v. McNickles*, 948 F.Supp. 345 (D. Del. 1996) (acknowledging the court has broad discretion in determining when to hold a revocation hearing and granting a continuance of the revocation hearing until after the pending state charges were adjudicated). In this case, the Court cannot say the court below abused its discretion in failing to grant a continuance of the revocation hearing.

As the *Jones* court observed, the court's refusal to grant a continuance did not compel Ms. Hardin to testify at the revocation hearing. The Fifth Amendment privilege against self-incrimination permits a person to refuse to testify in two situations: (1) where the person is compelled to testify against himself in a criminal prosecution; or (2) where the person is compelled to testify "in any other proceeding, civil or criminal, formal or informal, where the

5

answers might incriminate him in future criminal proceedings." *United States v. Rapert*, 813 F.2d 182, 185 (8th Cir. 1987)(quoting *Lefkowitz v. Turley*, 414 U.S. 70, 77(1973)).

In *Rapert*, the Eighth Circuit Court of Appeals rejected the proposition that a revocation hearing is a "stage of the criminal prosecution" that gives rise to an automatic right not to testify, which is situation one. 813 F.2d at 185. Therefore, Ms. Hardin must show that she was compelled to testify during the hearing and that the answers might incriminate her in future criminal proceedings, which is situation two. *See Lefkowitz*, 414 U.S. at 77. First, Ms. Hardin cannot show that she was compelled to testify during the revocation hearing. *See Rapert*, 813 F.2d at 185. Ms. Hardin and her counsel appear to have been aware of her Fifth Amendment right, given the basis of the motion for continuance filed on Ms. Hardin's behalf. Furthermore, in the order denying the continuance the court stated to Ms. Hardin that "she maintains the right to testify or not to testify in both the state and federal pending matters."

Ms. Hardin could have chosen to attack the government's case "by offering the testimony of other individuals, including hearsay testimony…, as well as other kinds of evidence." *Jones*, 299 F.3d at 110 (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (explaining that revocation proceedings are "flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial"). Alternatively, Ms. Hardin "could have chosen not to present any evidence at all, putting the government to its proof and relying on cross-examination to undermine the reliability of the government's witnesses." *Jones*, 299 F.3d at 111. Here, Ms. Hardin's counsel pursued these alternatives by, among other things, vigorously crossing the government's witnesses, pointing out inconsistencies, and highlighting the lack of video and photographic proof.

At the revocation hearing, Ms. Hardin chose to testify. "To be sure, this determination carried with it the risk that [Ms. Hardin's] testimony would prejudice [her] state court defense. But it remained defendant's choice to testify or remain silent. The Fifth Amendment does not immunize a defendant from all the potentially negative consequences of making such a choice." *Jones*, 299 F.3d at 111. "Although a defendant may have a right, even of constitutional dimensions, to follow which course he chooses, the Constitution does not by that token always forbid requiring him to choose." *McGautha v. California*, 402 U.S. 183, 213 (1971). The *Jones* court considered, but rejected, any suggestion that forcing a defendant to choose under such circumstances constitutes unconstitutional compulsion to speak. *Jones*, 299 F.3d at 111. *See also Hoover v. Knight*, 678 F.2d 578 (5th Cir. 1982) (rejecting defendant's argument that the failure of a hearing examiner to postpone an administrative hearing amounted to an unconstitutional burden upon her right to be free from compelled self-incrimination); *Diebold v. Civil Service Commission of St. Louis County*, 611 F.2d 697 (8th Cir. 1979) (examining Fifth Amendment issues when an employee was required to defend in two parallel proceedings); *Ryan*, 580 F.2d at 993 (determining that forcing a defendant to assume the risk that statements he makes at a probation revocation and sentencing hearing will be used against him at a subsequent criminal trial does not appear to be any more harsh than the choice faced in *McGautha* and does not constitute compulsion in the context of the Fifth Amendment). This Court finds no counter-authority on this point, and Ms. Hardin cites none.

When Ms. Hardin testified, she admitted to a probation violation while on the stand – failing to call timely her federal probation officer. She acknowledged she understood the conditions of probation, one condition of which is that she contact her probation officer within 72 hours if she has any contact with law enforcement. She admitted she did not timely contact

7

her federal probation officer, even though she had the telephone number. For this reason, the Court finds that the court below did not abuse its discretion in revoking Ms. Hardin's probation.

This alone supports the revocation decision, and perhaps the proceedings should have ended there. Ms. Hardin's testimony, however, did not end there. She testified to facts related to the underlying, unresolved charges from Bryant District Court. To be fair, she did this in response to evidence first presented by the government, but she was not required to do this at all.

Because Ms. Hardin chose to testify, this Court concludes the court below properly considered her testimony, her credibility, and the overall weight of the evidence presented when determining to revoke her probation. The court acknowledged it was making a determination of the evidence based on the lower evidentiary standard that governs revocation proceedings – preponderance of the evidence – and would reserve to the state court a determination of whether the government could make its case beyond a reasonable doubt. This is appropriate in a revocation proceeding. "A defendant is not entitled to a trial during a revocation hearing; the rules of evidence do not apply and the government's burden of proof is lowered." *United States v. Johnson*, 710 F.3d 784, 788 (8th Cir. 2013). The judgment entered by the court notes only that Ms. Hardin was arrested for shoplifting and violated a condition of her probation by failing to contact timely her federal probation officer. It makes no finding with respect to the arrest. (4:13-cr-00113, Dkt. No. 14). The Court affirms the decision to revoke Ms. Hardin's probation.

As for sentencing, a revocation sentence is reviewed under the same standard applied to the review of an initial sentence, that is, the review examines whether the sentencing court abused its discretion. *United States v. Growden*, 663 F.3d 982, 984 (8th Cir. 2011). The court is to impose a sentence "sufficient, but not greater than necessary," to satisfy the statutory goals of sentencing. 18 U.S.C. § 3553(a); *see also United States v. Young*, 644 F.3d 757, 762 (8th Cir.

8

2011). The court could have sentenced Ms. Hardin to 10 months, the maximum allotted under the guideline provisions. Instead, the court sentenced Ms. Hardin to four months, the very bottom of the guideline provision. When announcing the sentence, the court explained it was based on Ms. Hardin's violation of the terms of her probation and on the timing of the incident, which occurred only two weeks after she was initially sentenced to probation.

Ms. Hardin takes issue with certain statements made by the court regarding Ms. Hardin's credibility, specifically the court's statement: "I will tell you honestly, if she had come in and admitted it and – I might have – might have been inclined to give her another chance, since she was only on probation for two weeks before this occurred[.]" (Revo. Tr. at 84). Ms. Hardin contends that, while acceptance of responsibility might ordinarily be a relevant factor in determining a defendant's sentence, it was an improper consideration under these circumstances. (Dkt. No. 5, at 4). Based on the facts presented here, the Court cannot agree. Ms. Hardin chose to testify and testified about facts related to the underlying, unresolved charges from Bryant District Court. The Court was entitled to take her testimony into account, including whether she accepted responsibility, when sentencing her. Given the available guideline range, the sentence imposed, and the court's explanation for the sentence imposed, this Court determines a four-month sentence is substantively reasonable and that the court did not abuse its discretion in sentencing Ms. Hardin.

For these reasons, the Court affirms the decision to revoke Ms. Hardin's probation and affirms her sentence in this matter.

DATED this 23rd day of August, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE